UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICK S. VICKNAIR, SR.                                    CIVIL ACTION

VERSUS                                                      NO. 20-2705

PFIZER, INC., ET AL.                                        SECTION "R" (3)


**ORDER AND REASONS**

Before the Court is defendants Pfizer, Inc. and Hospira Inc.'s motion for summary judgment.¹ Plaintiff Patrick Vicknair opposes the motion.² Because there is no genuine dispute of material fact as to medical causation, the Court grants defendants' motion.

## I.  BACKGROUND

This case involves an alleged reaction that plaintiff suffered after taking an antibiotic manufactured by defendants. Plaintiff alleges that, on February 23, 2018, he received an intravenous dose of Daptomycin,³ an antibiotic manufactured by defendants.⁴ He further alleges that he immediately

---

1   R. Doc. 12.
2   R. Doc. 13.
3   R. Doc. 1-3 ¶ 10.
4   *Id.* ¶ 12.

presented with "chills, severe tremors, fever, shortness of breath, and disorientation,"[5] and was admitted the following day to the Emergency Department at East Jefferson General Hospital, where he stayed for four days.[6]

Plaintiff asserts in his complaint that, on or around June 28, 2018, defendants issued a voluntary nationwide recall of particular lots of Daptomycin in response to reports of adverse reactions, including "chills, tremors, pyrexia, and dyspnea."[7] He alleges that the Lot Number and other specifications named in the recall match those of the dose of Daptomycin he received on February 23, 2018.[8]

On October 2, 2020, defendants removed the case to the Eastern District of Louisiana, contending that the requirements of diversity jurisdiction under 28 U.S.C. § 1332(a) are satisfied.[9] On December 10, 2020, this Court signed a scheduling order requiring that plaintiff submit all expert disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and (C), by April 16, 2021.[10] Defendants assert that plaintiff submitted no expert disclosures by

---

5      *Id.* ¶ 10.
6      *Id.* ¶ 11.
7      *Id.* ¶¶ 13-14.
8      *Id.* ¶ 16.
9      R. Doc. 1.
10     R. Doc. 11 at 2.

the deadline.[11] Now, defendants move for summary judgment, arguing that plaintiff cannot meet his burden of proof on the issue of medical causation.[12] The Court considers the motion below.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting

---

[11] R. Doc. 12-1 at 3.
[12] *Id.* at 1.

3

10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by

4

submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

### III. DISCUSSION

Defendants argue that expert testimony is required to prove medical causation, an essential element of plaintiff's claim.[13] Because plaintiff failed to timely submit his expert reports, defendants contend that plaintiff cannot meet his burden of proving causation at trial.[14]

As an initial matter, Louisiana law requires plaintiff to prove that his injury was proximately caused by defendants' product. *See Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 261 (5th Cir.2002) (citing La. Rev. Stat. § 9:2800.54(A)). If he cannot prove causation, his claim fails.

---

13    R. Doc. 12-1 at 1, 4-5.
14    *Id.* at 1, 3-5.

When the issue of medical causation is complex and not within the knowledge of an ordinary lay person, both the Fifth Circuit and the Louisiana Supreme Court hold that plaintiff must submit expert testimony to prove causation. *See Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 723 (5th Cir. 2009) (noting in a toxic tort case that "expert testimony is . . . required to establish causation"); *Schultz v. Guoth*, 57 So. 3d 1002, 1009-1010 (La. 2011) (requiring expert testimony to prove medical causation); *see also Anh Ngoc Vo v. Chevron U.S.A., Inc.*, No. 12-1341, 2014 WL 3401095, at *2-3 (E.D. La. July 11, 2014) (requiring expert testimony on medical causation for a personal injury claim). This requirement extends to product-liability cases when medical causation is at issue. *See, e.g.*, *Williams v. Janssen Pharms., Inc.*, No. 14-3354, 2016 WL 6127526, at *2 (W.D. La. Oct. 20, 2016) ("A plaintiff must have expert medical testimony to prove causation in a product liability claim involving prescription medications.") (applying Louisiana law); *Hebert v. Miles Pharms.*, No. 92-4290, 1994 WL 10184, at *3-4 (E.D. La. Jan. 13, 1994); *Wile v. Abbott*, 459 F. Supp. 3d 803, 807-08 (N.D. Tex. 2020).

To submit expert testimony, plaintiff must comply with the expert disclosure requirements imposed by the Federal Rules of Civil Procedure. Expert witnesses who are "retained or specially employed to provide expert

6

testimony" must submit written reports. Fed. R. Civ. P. 26(a)(2)(B). Non-retained treating physicians are exempt from this reporting requirement. Fed. R. Civ. P. 26(a)(2)(C); *see Leggett v. Dolgencorp, LLC*, No. 16-17264, 2017 WL 4791183, at *1 (E.D. La. Oct. 24, 2017); *see also* Fed. R. Civ. P. 26 advisory committee's notes to 1993 & 2010 amendments. Instead, Rule 26(a)(2)(C) requires parties who seek to rely on the opinions of non-retained expert witnesses to disclose: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Further, "[a] party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

The Court finds that plaintiff failed to meet these requirements as to expert testimony regarding medical causation. Plaintiff does not contend that he has retained an expert to provide testimony related to the causation of his February 23, 2018 symptoms. Fed. R. Civ. P. 26(a)(2)(B). Instead, he represents that he will rely on testimony from his treating physician, Dr. Diane Failla.[15] But plaintiff failed to timely produce an expert disclosure as to Dr. Failla. *See* Fed. R. Civ. P. 26(a)(2)(C).

---

[15] R. Doc. 13 at 5-6.

7

To be sure, in his opposition to defendants' motion for summary judgment, plaintiff attached a letter from Dr. Failla which states the contents of the testimony he hopes to introduce.[16] But the letter is dated June 4, 2021, and was filed with the Court on June 7, 2021.[17] Both dates fall well past the Court's April 16, 2021 deadline for the disclosure of expert witnesses.[18]

The Court finds that the untimeliness of plaintiff's disclosure of Dr. Failla's letter warrants its exclusion at trial. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004) (affirming the district court's exclusion of expert testimony on causation because plaintiff "failed to timely identify her as required by Rule [26]"). When a party fails to timely disclose the opinion of one of its experts, the Court may admit the expert's testimony only after considering four factors: (1) the explanation for the failure, (2) the importance of the testimony, (3) the potential prejudice in allowing the testimony, and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). Plaintiff offers no explanation for the untimeliness of the letter's disclosure and makes no arguments—regarding prejudice or otherwise—for the admission of the letter, nor for an extension of the April 2021 deadline. The

---

[16] R. Doc. 13-6.
[17] *Id.*
[18] R. Doc. 11 at 2.

Court thus finds that Dr. Failla's letter is barred as untimely under Fed. R. Civ. P. 26(a)(2)(D) and this Court's scheduling order.

Instead of arguing for the admission of Dr. Failla's letter or an extension of the disclosure deadline, plaintiff argues that he does not need expert testimony to prove causation at trial.[19] He asserts that medical causation in his case is not complex and can be proved without expert testimony.[20] Specifically, he argues that causation can be established based on his medical records and the fact of defendants' voluntary recall.[21]

Plaintiff cites no examples of cases in which a court found medical causation established without the support of expert testimony. Instead, he attempts to distinguish defendants' cited cases[22] and asks this Court to find that causation in his case is not complex.[23] The Court declines the invitation. The question whether an intravenous antibiotic was the cause of plaintiff's symptoms is plainly "complex and not within the knowledge of an ordinary lay person." *Anh Ngoc Vo*, 2014 WL 3401095, at * 2 (citing *Seaman*, 326 F. App'x at 723); *see Smith v. Glaxosmithkline Corp.*, No. 05-2728, 2008 WL 4938426, at *2 (E.D. La. Nov. 17, 2008) ("Plaintiffs can only establish the

---

[19] R. Doc. 13 at 7-9.
[20] *Id.* at 8.
[21] *Id.*
[22] *Id.* at 7.
[23] *Id.* at 8.

9

required elements of causation between [the drug] and [decedent's] death through expert testimony.") (applying Louisiana law). Plaintiff was 71 years old,[24] had been treated for a preexisting infection,[25] and suffered from a number of other medical problems for which he recently underwent a renal stenting procedure and a lumbar laminectomy.[26] He was taking several other prescription medications.[27] These circumstances make clear that medical causation in this case requires expert testimony. Accordingly, the Court rejects plaintiff's argument and finds that he needs expert testimony to meet his burden of proving medical causation at trial.

Finally, plaintiff argues that he produced medical records containing Dr. Failla's opinions well in advance of the April deadline.[28] But, as the court has explained, "disclosures consisting of medical records alone are insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)." *Matthews v. Amtrust Grp. Ins.*, No. 18-11249, 2020 WL 206186, at *2 (E.D. La. Jan. 14, 2020) (quoting *Hooks v. Nationwide Housing Sys., LLC*, No. 15-729, 2016 WL 3667134, at *5 (E.D. La. July 11, 2016)).

---

[24] R. Doc. 12-4 at 1.
[25] *Id.*
[26] R. Doc. 12-7 at 1.
[27] R. Doc. 12-4 at 2-3.
[28] R. Doc. 13 at 5-6.

10

Because plaintiff must produce expert testimony to prove the essential element of medical causation, and because he has failed to satisfy the expert-disclosure requirements of Fed. R. Civ. P. 26 and this Court's scheduling order, the Court finds that plaintiff cannot meet his burden to prove causation at trial. Accordingly, the Court finds that there is no genuine dispute of material fact and therefore grants defendants' motion for summary judgment.

### IV. CONCLUSION

Accordingly, the Court GRANTS Pfizer's motion for summary judgment. The Plaintiff's complaint is DISMISSED with prejudice.

New Orleans, Louisiana, this __22nd__ day of June, 2021.

      _____
              SARAH S. VANCE
      UNITED STATES DISTRICT JUDGE